# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUENTIN E. NEAL,**

        Petitioner,

    v.                                              Case No. 14-C-110

**ROBERT HUMPHREYS,**[1]
Warden of Racine Youthful
Offenders Correctional Facility,

        Respondent.

## DECISION AND ORDER

On February 3, 2014, pro se Petitioner Quentin E. Neal ("Neal"), currently incarcerated at the Racine Youthful Offenders Correctional Facility, filed a petition for relief pursuant to 28 U.S.C. § 2254 challenging his state conviction. This matter is before the Court for consideration of Neal's request to proceed without payment of the filing fee. (ECF No. 2.)

To authorize a litigant to proceed without payment of the filing fee, the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The Court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,*

---

[1] Neal named the State of Wisconsin as the Respondent. The Court has substituted Robert Humphreys as the Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states that the petition must name as the Respondent the state officer who has custody.

404 U.S. 519, 520-21 (1972).

Neal has filed a state court form bearing a Wisconsin state court of appeals and Supreme Court caption as the basis for his petition for waiver of fees and affidavit of indigency. He has also filed a prison trust account statement for the two-week period from January 24, 2014, to February 6, 2014, disclosing that during the time period Neal received a $50 deposit from an individual; a $12.60 deposit for biweekly wages; and a $8.40 deposit for wages earned over about six months. The prison trust account statement also shows that portions of those deposits were withheld to pay court-ordered obligations and a DNA surcharge. Despite those deductions, as of February 6, 2014, Neal had $38.21 available to him in his regular account.

Given that all Neal's basic needs are provided for by the correctional institution, this Court concludes that Neal does not qualify under § 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus. Thus, if Neal wants the Court to give further consideration to his § 2254 petition, he must pay the $5.00 filing fee. Neal is further advised that if he fails to pay the filing fee by March 14, 2014, this action will be dismissed without prejudice for failure to prosecute pursuant to Civil L.R. 41(c) (E.D. Wis.).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Neal's request to proceed without payment of the filing fee (ECF No. 2) is **DENIED.**

If Neal intends to proceed with his petition, Neal must pay the $5.00 filing fee by **March 14, 2014.**

Dated at Milwaukee, Wisconsin, this 14th day of February, 2014.

                                                **BY THE COURT:**

                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**